UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>V. )<br>)<br>KENDRICK LAMAR FLINTROY, )<br>)<br>Defendant. )<br>) | Criminal No. 3:21-cr-00012-GFVT-MAS<br><br>**ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Report and Recommendation [R. 29] filed by United States Magistrate Judge Matthew A. Stinnett, addressing the Motion to Suppress filed by Defendant Kendrick Flintroy. [R. 17.] On June 3, 2021, a federal grand jury returned an indictment charging Mr. Flintroy with possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). [R. 1.] Mr. Flintroy was arraigned on the indictment on June 11, 2021, at which time he plead not guilty. [R. 9.] Trial was subsequently scheduled for August 16, 2021, and was later rescheduled to October 12. [R. 9; R. 26.]

Mr. Flintroy filed a Motion to Suppress on July 13, alleging that his Fourth Amendment rights were violated when law enforcement seized and searched two backpacks that he had dropped while fleeing the scene of a traffic stop. [R. 17 at 1.] As rationale, Mr. Flintroy argued that, because he had desired to retrieve his dropped bags in the future, he maintained a reasonable expectation of privacy in his bags. [R. 17 at 1.] On August 3, Judge Stinnett conducted an evidentiary hearing on this matter. [R. 27.] Judge Stinnett filed his Recommended Disposition on August 12. [R. 29.] Within his Recommended Disposition, Judge Stinnett

concluded that, because Mr. Flintroy abandoned his two backpacks while fleeing from police, he held no reasonable expectation of privacy in his bags and that, consequently, the Fourth Amendment had no implication. [*See* R. 29 at 3-7.] In support, Judge Stinnett cited to *United States v. Martin*, 399 F.3d 750, 752 (6th Cir. 2005) and *California v. Hodari D*, 499 U.S. 621 (1991), each of which involved the abandonment of property by a defendant in flight from police. [R. 29 at 5-7.] Because both the Supreme Court and the Sixth Circuit indicated in those cases that, when a defendant abandons property, he no longer holds a reasonable expectation of privacy in that property, Judge Stinnett recommended the denial of Mr. Flintroy's Motion to Suppress. *See id.* As noted in the Recommended Disposition and pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the parties were notified to file any objections to the Magistrate Judge's recommendation within fourteen (14) days of service. *Id.* at 7. As of this date, neither party has filed objections nor sought an extension of time to do so.

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard. . . ." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record, and agrees with the Magistrate Judge's Report and Recommendation.

Accordingly, the Court having considered the record and being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Recommended Disposition [**R. 29**] as to Defendant Kendrick Lamar Flintroy

is **ADOPTED** as and for the Opinion of the Court; and

    2.      Defendant Kendrick Flintroy's Motion to Suppress [**R. 17**] is **DENIED**.

This the 3d day of September, 2021.

Gregory F. Van Tatenhove
United States District Judge