UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| KENDRICK LAMAR FLINTROY, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> ) | Case No. 3:21-cr-00012-GFVT-CJS <br> Case No. 3:24-cv-00025-GFVT-CJS <br><br> **MEMORANDUM OPINION** <br> **&** <br> **ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on a Report and Recommendation prepared by United States Magistrate Judge Candace J. Smith. [R. 90.] Judge Smith reviewed a motion to vacate filed by prisoner Kendrick Flintroy pursuant to 28 U.S.C. § 2255. [R. 74.] After conducting a review of the petition, Judge Smith recommends that the Court deny Flintroy's motion, deny an evidentiary hearing, and deny a certificate of appealability. [R. 90.] Flintroy objects on several grounds. [R. 93.] Nevertheless, the Court will **OVERRULE** Flintroy's objections and **ADOPT** Judge Smith's Recommendation **[R. 90]** as and for the opinion of the Court and will **DENY** Flintroy's petition.

**I**

Flintroy was convicted of possession of methamphetamine with intent to distribute after a jury trial in October 2021. In February 2022 he was sentenced to 300 months of imprisonment to be followed by five years of supervised release. [R. 51.] Flintroy appealed his conviction, but the Sixth Circuit rejected his arguments and affirmed his conviction. [R. 72.] He thereafter timely filed his instant § 2255 petition on March 27, 2024. [R. 74.] The matter was fully briefed

before Magistrate Judge Candace J. Smith who issued her recommendation on March 24, 2025. [R. 90.]

Judge Smith walked through each of Flintroy's grounds for relief and explained why they are unavailing. First, Judge Smith determined that Flintroy's claims based on alleged Fourth Amendment violations were meritless and procedurally defaulted. *Id*. at 10. Second, Judge Smith determined that his accusations of prosecutorial misconduct were similarly procedurally defaulted. *Id*. at 10-12. Third, Judge Smith considered Flintroy's ineffective assistance of counsel claims and determined that neither his pretrial/trial counsel nor his appellate counsel were ineffective. *Id*. at 12-15. Fourth, Judge Smith's considered Flintroy's claim that this Court had a potential conflict of interest and found it to be both procedurally defaulted and baseless. *Id*. at 15-16. Finally, Judge Smith determined that there was no *Apprendi* error or cumulative error that would entitle Flintroy to relief. *Id*. at 16-17. Judge Smith also determined that no evidentiary hearing was necessary. *Id*. at 17-18. Because "reasonable jurists would not debate the denial of Flintroy's § 2255 motion," Judge Smith further recommends that Flintroy be denied a certificate of appealability. *Id*. at 18-19. Flintroy sought additional time to object, [R.91], which was granted. [R. 92.] He has now filed those objections and the matter is ripe for review. [R. 93.]

## II

To receive review of a magistrate judge's decision, a party must submit particularized objections to a report and recommendation within fourteen days of the date of service thereof. *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Thomas v. Arn*, 728 F.2d 813, 815 (6th Cir. 1984). General objections or objections that require a judge's interpretation are insufficient to preserve issues. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v.*

*Currie*, 50 F.3d 373, 380 (6th Cir. 1995). An objecting party must provide sufficient specificity "to enable the district court to discern those issues that are dispositive and contentious." *Miller*, 50 F.3d at 380.

Flintroy presents three objections. First, he argues that he was entitled to an evidentiary hearing. [R. 93 at 5.] Next, he argues that his ineffective assistance of counsel claims are not subject to procedural default. *Id*. at 5-6. Finally, he argues that he did receive ineffective assistance of counsel from both his pretrial counsel and his appellate counsel. *Id*. at 6. As an initial matter, the Court notes that Judge Smith did not find Flintroy's ineffective assistance of counsel claims to be procedurally defaulted. [R. 90 at 12.] Instead, she addressed those claims on the merits. *Id*. at 12-15. The Court will therefore only examine Flintroy's other objections.

### 1

First the Court turns to Flintroy's objection alleging ineffective assistance of counsel. The standard adopted in *Strickland v. Washington*, 466 U.S. 668 (1984), guides the Court's analysis of ineffective assistance of counsel claims. *Strickland* directs courts to ask "whether counsel's conduct so undermined the proper function of the adversarial process that the trial cannot be relied on as having produced a just result," and defendants must show that counsel's performance was both constitutionally deficient and prejudicial. *Id*. at 686-687. Proving ineffective assistance of counsel is a high burden, and defendants must show "that counsel's representation fell below an objective standard of reasonableness" as measured "under prevailing professional norms" and "considering all the circumstances." *Id*. at 688. Furthermore, a court's review of counsel's performance is "highly deferential," consisting of "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," in order to "eliminate the distorting effects of hindsight." *Id*. at 689. To prove the necessary prejudice, a

defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.  Even an unreasonable error by counsel would not justify setting aside the judgment "if the error had no effect on the judgment." *Id*. at 691.

Flintroy contends that his trial counsel was ineffective for failing to litigate "additional Fourth Amendment arguments, which could have impacted the admissibility of evidence."  [R. 93 at 6; R. 74 at 7.]  Certainly a failure to litigate a valid Fourth Amendment claim may give rise to an ineffective assistance claim, however "[w]here defense counsel's 'failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice.'" *Ray v. United States*, 721 F.3d 758, 762 (6th Cir. 2013) (quoting *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986)).

In Flintroy's case, his attorney did actually bring a motion to suppress.  [R. 17.]  Nevertheless, he takes issue with the fact that no further Fourth Amendment arguments were made.  In an affidavit, Flintroy's trial counsel, attorney Zachary Buckler, explained why no further argument was made.  [R. 83-2.]  Buckler explained that "no other issues were ripe for suppression" and that the attempted stop by Deputy Ray "was not actually a stop" because "Flintroy fled the vehicle before Deputy Ray could make contact with the occupants of the vehicle, including Mr. Flintroy." *Id*. at 2.  Furthermore, as the attempted stop was on account of the vehicle speeding – which Deputy Ray offered "extensive testimony" on at the suppression hearing – Buckler "did not believe Mr. Flintroy had any basis to challenge the attempted stop as a violation of Mr. Flintroy's constitutional right(s)." *Id*.  As Judge Smith also found, Flintroy

4

cannot show his trial counsel was deficient because he cannot show that any other Fourth Amendment claim of his has merit as required by *Ray*. *See United States v. Hill*, 195 F.3d 258, 265 (6th Cir. 1999) (probable cause existed to initiate traffic stop where vehicle was observed speeding); *see also Whren v. United States*, 517 U.S. 806 (1996) (holding that the constitutional reasonableness of traffic stops does not depend on the actual motivations of the individual officers involved). Flintroy's claim of ineffective assistance by his trial counsel is therefore unavailing.

Flintroy also argues that his appellate counsel, Gregory Charles Sassé, was ineffective. The same *Strickland* standard discussed above also applies to claims of ineffective assistance of appellate counsel. *Ballard v. United States,* 400 F.3d 404, 407 (6th Cir. 2005); *see also Evitts v. Lucey,* 469 U.S. 387, 396 (1985) (holding that the right to effective assistance of counsel includes the right to effective assistance of appellate counsel). In his objection Flintroy states that "his appellate counsel failed to communicate effectively, potentially prejudicing his ability to raise meritorious issues on appeal." [R. 93 at 6.]

As Judge Smith noted, however, much of Flintroy's claims about his appellate counsel's performance are contradicted by the record. Initially Flintroy suggested that his appellate counsel never contacted him in connection with his appeal and "appeared to use facts from another individual with a similar name." [R. 74 at 8.] Yet the brief filed by attorney Sassé appears to track the facts of Flintroy's case exactly. *See United States v. Flintroy*, No. 22-5115, R. 21 (6th Cir. July 19, 2022). Flintroy's assertion that his appellate counsel never contacted him is likewise contrary to the record, with an affidavit from Sassé explaining that to Flintroy that they "could speak by telephone which would accomplish the same goal of communication." [R. 83-1 at 1.] Nor has Flintroy shown any issues, meritorious or otherwise, that he would have had

5

Sassé present on Flintroy's direct appeal.  Flintroy's claim of ineffective assistance by his appellate counsel is therefore similarly unavailing.

2

Flintroy also objects to Judge Smith's recommendation that he be denied an evidentiary hearing.  [R. 93 at 5.]  Under 28 U.S.C. § 2255(b), courts should grant an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  The Sixth Circuit has further explained that "no hearing is required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Arredondo v. United States,* 178 F.3d 778, 782 (6th Cir. 1999).  An evidentiary hearing is also unwarranted when "there is nothing in the record to indicate that Defendant would have been able to prove his allegations at an evidentiary hearing." *Amr v. United States*, 280 F. App'x 480, 485 (6th Cir. 2008).

Here, as Judge Smith identified, "the record in this case conclusively shows that Flintroy is not entitled to relief."  [R. 90 at 18.]  Judge Smith thoroughly assessed and rejected several of Flintroy's claims as procedurally defaulted.  *Id*. at 8-12.  Flintroy did not object to that determination, therefore waiving any further challenge.  The Court further notes that Flintroy's request for an evidentiary hearing was only in relation to "whether the officer acted in good faith."  [R. 74-1 at 9.]  It was only in his objections that he suggests an evidentiary hearing may also be warranted for his ineffective assistance claims.  [R. 93 at 5.]  As to those ineffective assistance of counsel claims, however, the record – as discussed above – reveals them to be similarly baseless.  It was therefore not error for Judge Smith to recommend denying Flintroy an evidentiary hearing.

**III**

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Flintroy's Objections to the Report and Recommendation **[R. 93]** are **OVERRULED**;

2. The Report and Recommendation **[R. 90]** is **ADOPTED** as and for the opinion of the Court;

3. Flintroy's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, including his request for an evidentiary hearing, **[R. 74]** is **DENIED**;

4. A Certificate of Appealability is **DENIED** as to all issues raised; and

5. Judgment in this matter will follow promptly.

This the 9th day of May, 2025.

Gregory F. Van Tatenhove
United States District Judge